*Supp. 8 Opinion
JOHNSON, J.
Defendant Gerardo Guerra Valenzuela (hereinafter, appellant) appeals from a conviction for violating Business and Professions Code section 25662. He contends Vehicle Code section 13202.5 constitutes cruel and unusual punishment and violates his rights to equal protection and due process. We disagree and affirm the judgment.
I
Appellant, a minor, was convicted of violating Business and Professions Code section 25662 (possession of alcohol or illegal drugs by a minor). He was placed on 12 months’ summary probation on certain terms and conditions, including a 1-year restriction on his driver’s license pursuant to Vehicle Code section 13202.5.
Thereafter, appellant filed a timely notice of appeal.
II
Appellant contends Vehicle Code section 13202.5 violates the prohibitions against cruel and unusual punishment in the United States and California Constitutions. (See U.S. Const., 8th Amend.; Cal. Const., art. I, §17.)
Vehicle Code section 13202.5 provides in pertinent part: “(a) For each conviction of a person for any offense specified in subdivision (d),[1] committed while the person was under the age of 21 years, but 13 years of age or older, the court shall suspend the person’s driving privilege for one year. If the person convicted does not yet have the privilege to drive, the court shall order the department to delay issuing the privilege to drive for one year subsequent to the time the person becomes legally eligible to drive.”
The suspension or restriction of a driver’s license is not penal in nature. It is a remedial measure designed to ensure public safety on the streets and highways. (Beamon v. Dept. of Motor Vehicles (1960) 180 Cal.App.2d 200, 210 [4 Cal.Rptr. 396].) Therefore, we reject appellant’s challenge to the constitutionality of Vehicle Code section 13205.5 on the ground of cruel and unusual punishment.
*Supp. 9 HI
Appellant further contends Vehicle Code section 13202.5 violates equal protection by singling out minors and violates due process because it bears no rational relationship to the crime of use or possession of alcohol or illegal drugs by a minor in violation of Business and Professions Code section 25662.
Vehicle Code section 13202.5 does not impinge upon a fundamental right, nor is age a suspect classification. (See In re Arthur W. (1985) 171 Cal.App.3d 179, 186-187 [217 Cal.Rptr. 183].) Thus, the “rational relationship” test applies here. Under this standard there is a presumption of constitutionality. (Id., at p. 185.) The challenged statute must merely bear a rational relationship to a conceivable legitimate state purpose. (Ibid. ) With respect to appellant’s equal protection argument, the statute’s classification of minors will be upheld unless it rests on grounds wholly irrelevant to achievement of the state’s objective. (See McGowan v. Maryland (1961) 366 U.S. 420, 425-426 [6 L.Ed.2d 393, 398-399, 81 S.Ct. 1101.) Additionally, ‘the law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it.” (Hernandez v. Department of Motor Vehicles (1981) 30 Cal.3d 70, 79 [177 Cal.Rptr. 566, 634 P.2d 917], quoting Spurlock v. Department of Motor Vehicles (1969) 1 Cal.App.3d 821, 830 [82 Cal.Rptr. 42], quoting Williamson v. Lee Optical Co. (1955) 348 U.S. 483,487-488 [99 L.Ed. 563,571-573, 75 S.Ct. 461], fn. and internal quotation marks omitted.)
The state has a legitimate interest in public safety. (Hernandez v. Department of Motor Vehicles, supra, 30 Cal.3d at p. 76.) The legislative findings with respect to Vehicle Code section 13202.5 reflect this concern for public safety. The findings state in pertinent part:
“(a) The Legislature finds and declares as follows:”
“(3) Individuals who abuse drugs or alcohol demonstrate a dangerous disregard for the safe legal operation of motor vehicles. The risk is particularly acute for individuals under the age of 21.
“(4) The increased potential for teenage death in vehicle collisions and other nondriving accidents, homicides, and suicides, while being under the influence of drugs or alcohol, requires special attention in order to reduce the *Supp. 10 statewide youth fatality rate and to control unlawful and unsafe driving practices.
“(b) It is, therefore, the intent of the Legislature to enact this measure in an attempt to reduce the incidence of young drivers on the highways and roads of this state who, because of their use of alcohol or other illegal drugs, pose a danger to the health and safety of other drivers by all or a combination of the following methods:
“(1) To prevent use of motor vehicles by drivers under the age of 21 years by suspending their driving privileges for one year from the date of conviction, because a one year suspension of these drivers’ privileges may provide a means of deterring use of alcohol and other illegal drugs by these young persons.
“(2) To make the one year suspension of driving privileges a mandatory requirement for any person under the age of 21 years who has been convicted of possessing or using alcohol or other illegal drugs.
“(3) In order to discourage the possession and use of alcohol and other illegal drugs by potential drivers of motor vehicles, a one year delay of the ability to apply for a driver’s license if the potential driver is 13 years of age or older and is convicted of possession or use of alcohol or other illegal drugs.” (Stats. 1988, ch. 1254, § 1, pp. 4175-4176.)
The above cited legislative findings reflect the Legislature’s intent to reduce the incidence of injuries and deaths occurring as a result of automobile accidents caused by minors under the influence of alcohol or illegal drugs. Suspension of a minor’s driver’s license upon conviction of use or possession of alcohol or illegal drugs is rationally related to this purpose.
Accordingly, we conclude Vehicle Code section 13202.5 is constitutional.
The judgment is affirmed.
Swearinger, Acting P. J„ and Disco, J„ concurred.

Possession of alcohol by a minor in violation of Business and Professions Code section 25662 is included among the offenses listed in subdivision (d) of Vehicle Code section 13202.5.