Opinion
 

 DABNEY, Acting P. J.
 

 On March 27, 1990, a petition was filed alleging that minor Jason J. came within the provisions of Welfare and Institutions Code section 602.
 
 [1]
 
 The petition charged minor with robbery (Pen. Code, § 211), with a special allegation that a principal was armed with a firearm in the commission of the offense (Pen. Code, § 12022, subd. (a)). Minor admitted the robbery, and on the People’s motion the court dismissed the firearm allegation.
 

 At the disposition hearing on April 13, 1990, minor was declared a ward of the court (§ 602) and placed in the custody of his parents. His probation included the following conditions, among others: to submit to urine testing at the request of the probation officer; to be home every evening by dark unless accompanied by his parents; and not to leave his residence before 6 a.m. except to go to work or school or to obtain emergency medical treatment.
 
 *452
 
 The probation order also required minor’s parents to perform certain conditions: to cooperate with the probation officer and consult with him on request, to become involved with minor in a counseling program at the probation officer’s direction and to become involved in an Alcoholics Anonymous (AA) program.
 

 On appeal, minor contends that the conditions of probation requiring performance by his parents and those requiring him to be inside by dark and submit to urine testing were invalid.
 

 Facts
 

 Minor and several companions planned the robbery of a pizza delivery man. One of the boys ordered some pizzas, and when the delivery man arrived, the group approached the car. One of them opened the driver’s door, and another, holding a sawed-off shotgun or rifle, opened the passenger door and demanded that the delivery man give them his money and the pizzas. The group took five pizzas, delivery bags and a money changer; the loss totalled $167.44.
 

 Discussion
 

 Waiver of Objections.
 
 The People argue that minor waived objection to the conditions of his probation by failing to object at the disposition hearing. This court recently ruled that a failure to object to conditions of probation is not a waiver of a challenge to invalid conditions.
 
 (People
 
 v.
 
 Kiddoo
 
 (1990) 225 Cal.App.3d 922, 925-928 [275 Cal.Rptr. 298]; accord,
 
 People
 
 v.
 
 Hernandez
 
 (1991) 226 Cal.App.3d 1374, 1377 [277 Cal.Rptr. 444].) We decline to reconsider our ruling.
 

 Review of Probation Conditions.
 
 The juvenile court has broad discretion in formulating conditions of probation.
 
 (In re Frankie J.
 
 (1988) 198 Cal.App.3d 1149, 1153 [244 Cal.Rptr. 254].) “The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.” (§ 730.) In planning such conditions, “ ‘the juvenile court must consider not only the circumstances of the crime but also the minor’s entire social history. [Citations.]’ [Citation.]”
 
 (Frankie J., supra,
 
 at p. 1153.) “A condition of probation will be considered invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. [Citation.]”
 
 (Ibid.)
 
 We also consider the legislative policies
 
 *453
 
 for the juvenile court system when we determine the validity of probation conditions in a juvenile case.
 

 Section 202 states, “(a) The purpose of this chapter is to provide for the protection and safety of the public and each minor under the jurisdiction of the juvenile court and to preserve and strengthen the minor’s family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public. . . .”
 

 In addition, in enacting recent amendments to the code, the Legislature, in an uncodified preamble, stated:
 

 “(a) The Legislature finds and declares as follows:
 

 “(1) The problem of juvenile delinquency should be addressed at its inception rather than after it has progressed to serious criminality.
 

 “(2) The precursors of serious criminality by juveniles include incorrigibility, truancy, curfew [szc], illiteracy, and alcohol and drug abuse. These precursors have been given little attention because the attention has been focused on those juveniles who are the most difficult to reform, the serious and habitual offenders.
 

 “(3) The young offender who exhibits the symptoms of future delinquency presents the most significant potential for rehabilitation, yet this young offender has been largely ignored. This approach is a disservice to the community, the parents, and most importantly, to our youth.
 

 “(b) In this regard, it is the intent of the Legislature to implement a program based on a different perspective and strategy toward juvenile delinquency which program is designed to reach our children before they become habitual criminals, and requires the intervention by the juvenile justice system at the earliest signs of drug abuse, gang affiliation, and other antisocial behavior. The program mandates parental involvement, drug and alcohol counseling, structured probation programs monitored for compliance, and early judicial intervention with delinquent youths. It seeks to promote the positive development of juveniles by emphasizing the enforcement of school attendance laws and the establishment of special education and socialization programs designed for the individual needs of the minor.” (Stats. 1989, ch. 1117, § 1.)
 

 Conditions Requiring Cooperation by and Involvement of Minor’s Parents.
 
 Among minor’s conditions of probation were the following:
 

 
 *454
 
 “3. Your parents shall cooperate with the Probation Officer and shall consult with him upon request.
 

 “21. The minor and his parents shall be involved in a Counseling Program at the direction of the Probation Officer.”
 

 Minor contends that those conditions were invalid. He argues that he faces a violation of probation if his parents fail to perform those conditions.
 

 Section 729.2 explicitly provides for such conditions of probation: “If a minor is found to be a person described in Section 601 or 602 and the court does not remove the minor from the physical custody of the parent or guardian, the court
 
 as a condition of probation,
 
 except in any case in which the court makes a finding and states on the record its reasons that that condition would be inappropriate, shall:
 

 “(b) Require the parents or guardian of the minor to participate with the minor in a counseling or education program, . . .” (Italics added.)
 

 In
 
 Charles S.
 
 v.
 
 Superior Court
 
 (1982) 32 Cal.3d 741 [187 Cal.Rptr. 144, 653 P.2d 648], a minor was placed on voluntary informal probation under section 654. On appeal, a probation condition requiring restitution was ordered stricken because the minor and his family were indigent. The court stated, “While conceding the rehabilitative function of restitution, Charles objects to the fact that the restitution schedule was apparently directed at his parents, rather than just himself. However, the program of informal probation contemplated by the statute requires the full cooperation and support of the minor’s family. The program can be instituted only with the consent of the minor and the minor’s parent or guardian. The guidelines provided by rule 1307 state that the probation officer shall consider the attitude of both the minor and his parents, and the ability of the minor and his parents to resolve the matter informally. The parents must be an integral part of any rehabilitative program. A requirement that they show their willingness to assist the program is neither unfair nor unreasonable. If the parents are unwilling to assume their share of responsibility for the minor by contributing toward restitution, a question is raised as to whether they will be able to provide him with the necessary help and guidance during the probation period.”
 
 (Id.
 
 at p. 748.) The court observed, however, that no rehabilitative purpose could be served by requiring the minor to do something he was incapable of doing. Thus, the court struck the condition not because it
 
 *455
 
 required the minor’s parents to participate, but because the parents were financially unable to meet the condition.
 

 Although the court in
 
 Charles S.
 
 discussed voluntary informal probation under section 654, similar policies apply to formal probation under section 727. The success of both programs depends, in part, on the parents’ willingness to assume responsibility for providing help and guidance to the minor.
 

 Here, the probation report indicated, “It is felt that a strong case could be made for the minor to be removed from his parents’ custody and placed due to the lack of parental stability. It is also felt that the minor deserves a chance to prove himself on probation. It is not the minor’s fault that his parents have been dysfunctional. The minor needs intensive Probation Supervision and his parents need to resolve their problems.” In light of the specific statutory authorization for requiring parental counseling as a condition of probation, we find no error. Such parental involvement is intended to promote the minor’s rehabilitation.
 

 Minor next contends that the notice to his parents of the conditions requiring their involvement was inadequate. The notice of the disposition hearing was addressed to minor and his parents and indicated that orders would be made based on the petition. The minute order for the hearing indicates that minor’s parents were present. The court’s order is entitled: “Terms and Conditions Imposed Upon the Minor and Parents By the Juvenile Court.” Under statute, minor’s parents were entitled to service of that order. “All written findings and orders of the court shall be served by the clerk of the court personally or by first-class mail within three judicial days of their issuance on the petitioner, the minor or the minor’s counsel, the parent or the parent’s counsel, . . .” (§ 248.5.) In the absence of an affirmative showing to the contrary, we presume that the juvenile court clerk performed the official duty to give notice.
 
 (In re Linda D.
 
 (1970) 3 Cal.App.3d 567, 571 [83 Cal.Rptr. 544].) The notice was sufficient.
 

 Condition That Minor’s Father Become Involved With AA Program.
 
 Minor argues that the probation condition which required his father to become involved in an AA program was invalid. He repeats his argument that his father’s nonparticipation would jeopardize minor’s probation. In our view, requiring participation in a program like AA is not equivalent to requiring participation with the minor in counseling programs under section 729.2. Whereas joint participation by minor and his parents directly promotes minor’s rehabilitation, a parent’s attendance at AA would only remotely be connected to the goal of minor’s rehabilitation. We must agree
 
 *456
 
 with the trial court that voluntary participation in AA is to be encouraged. However, we find no authorization for requiring such participation as a condition of
 
 minor’s
 
 probation. The condition requiring minor’s father to become involved in an AA program is ordered stricken.
 

 Testing Condition.
 
 As a condition of probation, minor was required to “submit to urine analysis testing at the direction of the Probation Officer.” Minor contends that this condition was invalid because his crime was not alcohol or drug related, and he had no history of substance abuse.
 

 The probation report indicates that minor admitted being an active member of the Lenwood Gang. He also admitted that he has drunk beer. Minor denied drug usage and denied that he had been drinking the night of the crime. The probation report recommended a urine testing condition because “. . . he is a gang member and drugs usage is common amongst gang members and drug usage is pervasive amongst teenage delinquents.” The record contains no other reference to minor’s drug or alcohol usage.
 

 Section 729.3 provides, “If a minor is found to be a person described in Section 601 or 602 and the court does not remove the minor from the physical custody of his or her parent or guardian, the court, as a condition of probation, may require the minor to submit to urine testing upon the request of a peace officer or probation officer for the purpose of determining the presence of alcohol or drugs.” The use of the word “may” in the statute indicates that the chemical testing condition is permissive. (See
 
 In re Lamonica H.
 
 (1990) 220 Cal.App.3d 634, 643 [270 Cal.Rptr. 60].)
 

 In
 
 In re Jimi A.
 
 (1989) 209 Cal.App.3d 482 [257 Cal.Rptr. 147], the court upheld a similar probation condition. In that case, the minor had a “background of admitted substance abuse.”
 
 (Id.,
 
 at p. 488.) The record also showed that the minor’s parents had left him without supervision in the late evening and the probation officer suspected that the minor was still involved with drugs and alcohol.
 
 (Ibid.)
 

 In
 
 In re Laylah K.
 
 (1991) 229 Cal.App.3d 1496 [281 Cal.Rptr. 6], the court upheld a probation condition requiring the minor to submit to chemical testing because the minor had admitted to past alcohol and marijuana use. The minor had not committed an alcohol or drug related offense.
 
 (Id.,
 
 at p. 1502.)
 

 
 *457
 
 Here, minor’s admitted use of alcohol and admitted gang membership amply justify the testing condition. We find no abuse of discretion in requiring minor to submit to urine testing as a condition of probation.
 

 Curfew Condition.
 
 The probation order requires minor to “be inside [his] place of residence every evening by dark, unless accompanied by parents, and not leave said residence before 6:00 a.m. unless there is a verifiable family medical emergency or the minor is traveling to or from a verifiable place of employment or school.” The probation officer recommended the condition, explaining, “[D]ue to the minor’s gang membership and that the offense was gang related, the minor should have a curfew term to enable his parents to better supervise the minor, especially in nighttime hours.” The court noted that the robbery occurred after dark, at about 9:40 p.m.
 

 Section 729.2, subdivision (c) provides that when a minor ward is released to the custody of his parents, the court, as a condition of probation, shall: “Require the minor to be at his or her legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless the minor is accompanied by his or her parent or parents, legal guardian or other adult person having the legal care or custody of the minor.” Minor argues that the more restrictive condition imposed by the court was invalid because it was not reasonably related to his crime.
 

 In
 
 Laylah K.,
 
 the court accepted without question the validity of a probation condition which required the minor to be home between 8 p.m. and 5 a.m. The court stated, “We have previously observed that ‘[e]ven conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation].’ [Citation.]”
 
 (Laylah K., supra,
 
 229 Cal.App.3d at p. 1502.) Here, the condition was tailored to minor’s gang involvement and the need for greater parental supervision. The condition was valid.
 

 Minor also challenges the curfew condition on the ground that it is ambiguous. He contends that the term “dark” is indefinite. “[T]he void for vagueness doctrine applies to conditions of probation. [Citations.] An order must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.”
 
 (People
 
 v.
 
 Reinertson
 
 (1986) 178 Cal.App.3d 320, 324-325 [223 Cal.Rptr. 670].) Here, the challenged term is sufficiently precise to allow minor to know what is required of him and to allow the court to determine when a violation has occurred. The curfew condition is valid.
 

 
 *458
 
 Disposition
 

 The condition of probation requiring minor’s father to become involved in an Alcoholics Anonymous program is ordered stricken. In all other respects, the judgment is affirmed.
 

 Hollenhorst, J., and McDaniel, J.,
 
 *
 
 concurred.
 

 Appellant’s petition for review by the Supreme Court was denied October 30, 1991.
 

 [1]
 

 All further statutory references are to the Welfare and Institutions Code unless otherwise specified.
 

 *
 

 Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.