[No. B089992. Second Dist., Div. Four. Feb. 20, 1996.]

In re TANYA B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
TANYA B., Defendant and Appellant.

**COUNSEL**

Jeffrey Scott Yanuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Raymund F. Robles, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—The issue raised in this appeal is whether the court abused its discretion in suspending a minor's driver's license for a period of more than one year as a condition of probation. Here, the court suspended a 17-year-old minor's license until she was 21 after she admitted a violation of Vehicle Code section 23152, subdivision (a), driving while under the influence of a drug. The minor contends on appeal that the period of suspension must be limited to one year pursuant to Vehicle Code section 13202.5.[1] For reasons explained in this opinion, we disagree and conclude that the trial court did not abuse its discretion.

---

[1]Vehicle Code section 13202.5 provides, in relevant part: "(a) For each conviction of a person for any offense specified in subdivision (d), committed while the person was under the age of 21 years, but 13 years of age or older, the court shall suspend the person's driving privilege for one year. If the person convicted does not yet have the privilege to drive, the court shall order the department to delay issuing the privilege to drive for one year subsequent to the time the person becomes legally eligible to drive. However, if there is no further conviction for any offense specified in subdivision (d) in a 12-month period after the conviction, the court, upon petition of the person affected, may modify the order imposing the delay of the privilege. For each successive offense, the court shall suspend the person's driving privilege for those possessing a license or delay the eligibility for those not in possession of a license at the time of their conviction for one additional year. [¶] As used in this section, the term 'conviction' includes the findings in juvenile proceedings specified in Section 13105. [¶] . . . [¶] (c) (1) After a court has issued an order suspending or delaying driving privileges pursuant to subdivision (a), the court, upon petition of the person affected,

FACTS

On November 27, 1993, appellant Tanya B., then 16 years old, was arrested for driving under the influence of a drug. A search of her purse revealed a "snorter tube" commonly used in the inhalation of cocaine or methamphetamine. A urine sample taken from appellant tested positive for amphetamine and for marijuana metabolite. A petition was filed pursuant to Welfare and Institutions Code section 602, alleging in count 1 that appellant drove under the influence of drugs in violation of Vehicle Code section 23152, subdivision (a) and in count 2 that she was under the influence of a controlled substance in violation of Health and Safety Code section 11550, subdivision (a). Appellant admitted count 1, and count 2 was to be dismissed at the time of disposition.

At the disposition hearing, the trial court ordered appellant, then 17 years old, be a ward of the court and placed in the camp community placement program, but stayed the placement order and released her to her father on probation with a number of conditions, including that she not drive until the age of 21 years. The court explained, "From this date, young lady, until you are 21, can you [*sic*] not drive. *That is the state law.*" (Italics added.) No objection was made at the time, but defense counsel filed a motion for modification within two weeks in which he cited Vehicle Code section 13202.5 and argued that the order suspending appellant's license for nearly four years was unlawful and in excess of the court's jurisdiction.[2]

At hearing on the motion, appellant's counsel advised the court that appellant "may have pled on the wrong count." The court responded that it would have imposed an identical license suspension if appellant had admitted count 2 instead of count 1. The court denied the motion for modification explaining that it would make the same order as to any minor found to have driven under the influence of drugs or alcohol.

may review the order and may impose restrictions on the person's privilege to drive based upon a showing of a critical need to drive. [¶] . . . [¶] (d) This section applies to violations involving controlled substances or alcohol contained in the following provisions: [¶] (1) Article 7 (commencing with Section 4211) of Chapter 9 of Division 2 of, and Sections 25658, 25658.5, 25661, and 25662 of, the Business and Professions Code. [¶] (2) Division 10 (commencing with Section 11000) of the Health and Safety Code. [¶] (3) Section 191.5, paragraph (3) of subdivision (c) of Section 192, subdivision (c) or (d) of Section 192.5, and subdivision (f) of Section 647 of the Penal Code. [¶] (4) Section 23103 when subject to Section 23103.5, Section 23140, and Article 2 (commencing with Section 23152) of Chapter 12 of Division 11 of this code."

[2]Appellant also sought an order restricting, rather than suspending, her license on the ground that she had a critical need to drive to work and to doctor's appointments. She raises no issue in this appeal as to the denial of that portion of her motion.

## I

■ We first address respondent's contention that the issue raised in this appeal has been waived because it was not timely raised in the trial court. The only case cited by respondent in support of this contention is *People v. Welch* (1993) 5 Cal.4th 228, 233-234 [19 Cal.Rptr.2d 520, 851 P.2d 802], which held that a criminal defendant's failure to challenge the reasonableness of a probation condition at the time of sentencing waives the claim on appeal. However, *Welch* is not applicable to a juvenile court disposition: "In short, conditions of probation for minors are devised by the juvenile court and placed on a juvenile probationer to ensure his or her reformation and rehabilitation. The conditions are deemed necessary for that purpose and no choice is given to the youthful offender. By contrast, an adult offender 'has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed.' [Citations.] [¶] Although an adult may choose to reject probation and accept incarceration, no such choice is offered a juvenile offender. It would be inconsistent with the juvenile court's determination of the best manner in which to facilitate rehabilitation of a minor if he could, for example, elect to forgo home placement on probation and instead choose detention at the California Youth Authority." (*In re Tyrell J.* (1994) 8 Cal.4th 68, 82 [32 Cal.Rptr.2d 33, 876 P.2d 519].)

Therefore we reject respondent's contention that the issue has been waived.

## II

■ Appellant contends the lengthy suspension of her driver's license was not required by any law, and violates the legislative mandate set forth in Vehicle Code section 13202.5 that the license of a person between the ages of 13 and 21 years who is convicted of violating Vehicle Code section 23152, subdivision (a), shall be suspended for one year.

There is little case law interpreting section Vehicle Code 13202.5.[3] It was construed in *In re Melchor P.* (1992) 10 Cal.App.4th 788, 790, 795 [12 Cal.Rptr.2d 812], to allow a three-year delay in licensing where a juvenile court found that the minor committed three violations of Health and Safety Code provisions relating to possession and sale of a controlled substance. The statute survived constitutional challenge in *People v. Valenzuela* (1991) 3 Cal.App.4th Supp. 6, 8-10 [5 Cal.Rptr.2d 492]. The issue raised in this case has not been decided.

---

[3]All further statutory references are to the Vehicle Code unless otherwise specified.

Section 13202.5 is part of the statutory scheme regulating suspension or revocation of drivers' licenses by a court. (§ 13200 et seq.) Examination of the entire scheme reveals that the Legislature carefully worded each section to make it clear: (1) whether the trial court has discretion or is required to suspend or delay issuance of a license; and (2) whether the trial court has discretion to determine the period of suspension or delay, and if so, whether there is a limit on such discretion. For example, section 13201 provides that a court "may" suspend or restrict the license for a period "not more than six months" of any person convicted of violating sections 23104, 22453, 2800.1, 2800.2, 2800.3, or knowingly causing or participating in a vehicular accident for the purpose of a fraudulent insurance claim. (§ 13201, subd. (a).) Section 13202 provides that the court "may" suspend or order the Department of Motor Vehicles to revoke the license of any person convicted of a controlled substance offense in which a vehicle was involved in or incidental to the commission of the offense and mandates that the court "shall" determine the period of the suspension, which "in no event shall . . . exceed three years from the date of conviction." (§ 13202, subd. (c).) Section 13202.4, subdivision (a)(1) provides that the court "may" suspend or delay the issuance of a license of any minor convicted of an offense involving a concealed firearm "for five years" plus "one additional year" for each successive offense (§ 13202.4, subd. (a)(1).) Section 13202.7 provides that the court "may" suspend or delay, "for one year," the issuance of a minor's license if the minor is an habitual truant or has been declared a ward of the court pursuant to Welfare and Institutions Code section 601. (§ 13202.7, subd. (a).)

In contrast to the language used in other sections of the statutory scheme, section 13202.5 provides that for each conviction of a person under the age of 21 years, but 13 years of age or older,[4] of any one of the offenses specified in the statute, the court "*shall* suspend [or order the Department of Motor Vehicles to delay issuing] the person's driving privilege *for one year*." (Italics added.) This phrase does not use the permissive "may" nor does it indicate a range of time for the period of the suspension or delay of the driving privilege. Thus the terminology used in the phrase, considered both in isolation and in context, clearly establishes that the Legislature intended to mandate a suspension for a specific period of time rather than granting courts discretion to determine the period of time for which driving privileges should be denied. (See *California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1143 [43 Cal.Rptr.2d 693, 899 P.2d 79]; *People* v. *Durbin* (1963) 218 Cal.App.2d 846, 849 [32 Cal.Rptr. 569].)

This interpretation is confirmed by the relevant portion of the Legislature's statement of intent, made when it substantially rewrote section

---

[4] A "conviction" includes a finding by a judge, traffic hearing officer or referee of a juvenile court, that a person has committed an offense. (§ 13105.)

13202.5 in 1988: "(b) It is . . . the intent of the Legislature to enact this measure in an attempt to reduce the incidence of young drivers on the highways and roads of this state who, because of their use of alcohol or other illegal drugs, pose a danger to the health and safety of other drivers by all or a combination of the following methods: [¶] (1) To prevent use of motor vehicles by drivers under the age of 21 years by suspending their driving privileges *for one year* from the date of conviction, because *a one year suspension* of these drivers' privileges may provide a means of deterring use of alcohol and other illegal drugs by these young persons. [¶] (2) To make *the one year suspension* of driving privileges a mandatory requirement for any person under the age of 21 years who has been convicted of possessing or using alcohol or other illegal drugs." (Italics added.)

The fact that section 13202.5 mandates a one-year term does not mean that the juvenile court cannot impose a longer term, as urged by appellant. When jurisdiction is properly obtained over a juvenile prior to the time the juvenile turns 18 years of age, jurisdiction extends to the age of 21. (Welf. & Inst. Code, § 303; *In re Gloria J.* (1987) 188 Cal.App.3d 835, 838 [233 Cal.Rptr. 690].) In this instance, jurisdiction was established when appellant was 16 years of age. Therefore, the court was acting within its jurisdiction when extending probation until age 21.

■ A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation which would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. (*In re Tyrell J.*, *supra*, 8 Cal.4th at pp. 81-82; *In re Binh L.* (1992) 5 Cal.App.4th 194, 203 [6 Cal.Rptr.2d 678].) That discretion will not be disturbed in the absence of manifest abuse. (*In re Bacon* (1966) 240 Cal.App.2d 34 [49 Cal.Rptr. 322].) ■ The issue here is whether the juvenile court abused its discretion.

Initially it must be noted that the condition imposed was directly related to the offense. In fact, appellant does not contest that issue, only the length of the term. In that regard, the record reflects that this is not the first brush with the law for appellant. The probation report before the judge indicated that the minor had a prior drug-related offense at age 15 for possession of LSD for sale. At her disposition hearing on May 23 1993, she received six months probation for this first offense. (Welf. & Inst. Code, § 725, subd. (a).) Therefore, the instant offense occurred only four days after her first probation ended. The probation officer also reported that the minor does not appear to be truthful about her drug history and use. There is no doubt that her history indicated an ongoing problem with drugs. Combined with the fact that she apparently has no compulsion against driving while under the

influence, her drug history suggests an ongoing problem and a danger to society. While the court indicated that this condition would be placed on any other juvenile presenting with the same facts, we do not construe this as an indication that the court did not consider alternatives within its discretion. We conclude that the court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Epstein, J., concurred.