[No. B127229. Second Dist., Div. Five. May 18, 1999.]

In re JOSUE S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSUE S., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the indicated portions.

## COUNSEL

Brian P. Barrow, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Robert David Breton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—The minor, Josue S., appeals from a wardship order (Welf. & Inst. Code, § 602) and the probation conditions imposed by the juvenile court. The minor pled no contest to the offense of vandalism. (Pen. Code, § 594, subd. (a).) The juvenile court sustained the petition and placed the minor home on probation. In the published portion of this opinion we conclude that objections interposed to various probation conditions for the first time on appeal are untimely and are waived or forfeited.

The minor argues that the trial court improperly imposed probation conditions that have no reasonable relationship to the facts underlying the wardship order and his personal history. More specifically, the minor objects

to the following conditions of probation: (1) warrantless searches; (2) restrictions on travel; and (3) maintenance of satisfactory school grades.[1] He further argues that the conditions of probation restrict his constitutional rights. The minor's offense involved an incident where he and a companion threw rocks at an occupied 1992 Mercedes Benz automobile, causing approximately $300 in damage. The probation officer's report noted: "[T]he minor's past truancies have greatly interfered with his academic progress. [¶] [T]he minor's actions could have easily injured the victim."

■ At the outset, we address the suggestion that the imposition of the conditions of probation are constitutionally overbroad or vague. The California Supreme Court has repeatedly held that constitutional objections must be interposed in order to preserve such contentions on appeal. (*People* v. *Williams* (1997) 16 Cal.4th 153, 250 [66 Cal.Rptr.2d 123, 940 P.2d 710] [objection raised for the first time on appeal that admission of gang paraphernalia violated defendant's associational rights under the First and Fourteenth Amendments waived when not presented in trial court]; *People* v. *Padilla* (1995) 11 Cal.4th 891, 971 [47 Cal.Rptr.2d 426, 906 P.2d 388], overruled on another point in *People* v. *Hill* (1998) 17 Cal.4th 800, 823, fn. 1 [72 Cal.Rptr.2d 656, 952 P.2d 673] [failure to request a particular instruction where there is no sua sponte duty to instruct waived due process contention]; *People* v. *Rodrigues* (1994) 8 Cal.4th 1060, 1116, fn. 20 [36 Cal.Rptr.2d 235, 885 P.2d 1] [the defendant's federal constitutional due process, fair trial, reliable guilt determination claims concerning the admissibility of a videotape waived in a capital case when they were not interposed in the trial court]; *People* v. *Garceau* (1993) 6 Cal.4th 140, 173 [24 Cal.Rptr.2d 664, 862 P.2d 664] [Sixth and Fourteenth Amendment claims to a fair trial and equal protection in connection with jury selection waived when not presented in trial court]; *People* v. *McPeters* (1992) 2 Cal.4th 1148, 1174 [9 Cal.Rptr.2d 834, 832 P.2d 146] [Sixth Amendment discriminatory juror selection issue waived when not presented in trial court]; *People* v. *Ashmus* (1991) 54 Cal.3d 932, 972-973, fn. 10 [2 Cal.Rptr.2d 112, 820 P.2d 214] [Fifth, Eighth, and Fourteenth Amendment confrontation, cruel and unusual punishment, and due process claims respectively waived by failure to interpose them in trial court].) The reason for these rules has been articulated by the California Supreme Court as follows: " ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in

---

[1]The conditions of probation at issue read as follows: "Number 9, you are to attend a school program approved by probation. [¶] You are to maintain satisfactory grades, attendance and citizenship and promptly notify probation officer of every absence. [¶] . . . [¶] Number 14, you are not to stay away from residence for more than 24 hours nor leave Los Angeles County except at times and places specifically permitted in advance by the probation officer. [¶] . . . [¶] Number 25, you are to submit your person and property to search and seizure at any time of the day or night by any law enforcement officer with or without a warrant. . . ."

connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method . . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver . . . . Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." ' (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 . . . , italics in *Doers*.) [The California Supreme Court has held,] ' "The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had . . . ." ' (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 . . . .) [Further, the California Supreme Court has noted:] ' "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." [Citation.]' (*United States* v. *Olano* (1993) [507 U.S. 725, 731 [113 S.Ct. 1770, 1776, 123 L.Ed.2d 508]].)" (*People* v. *Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093], fn. omitted.)

At the time the conditions of probation were imposed, the juvenile court invited counsel to comment on the probation report. Defense counsel submitted the matter. Thereafter, defense counsel made no objection when the conditions of probation were read into the record. The conditions of probation imposed were not the basis of an objection in the juvenile court and thus any contentions concerning their constitutional inappropriateness are the subject of waiver or forfeiture. The California Supreme Court has specifically determined that an adult defendant may not challenge the reasonableness of conditions of probation for the first time on appeal. (*People* v. *Welch* (1993) 5 Cal.4th 228, 233-238 [19 Cal.Rptr.2d 520, 851 P.2d 802].) In *People* v. *Welch*, *supra*, 5 Cal.4th at page 237, the Supreme Court specifically disapproved the contrary holding of *In re Jason J.* (1991) 233 Cal.App.3d 710, 714 [284 Cal.Rptr. 673], a juvenile proceeding.

However, after *Welch* was filed, our colleagues in Division Four of this appellate district issued their opinion in *In re Tanya B.* (1996) 43 Cal.App.4th 1, 5 [50 Cal.Rptr.2d 576] and held that the holdings of *People* v. *Welch*, *supra*, 5 Cal.4th at pages 233-238, were inapplicable to juvenile delinquency proceedings. Our Division Four colleagues held that *Welch* was inapplicable to juvenile offenders because the Supreme Court decision of *In re Tyrell J.* (1994) 8 Cal.4th 68, 82 [32 Cal.Rptr.2d 33, 876 P.2d 519], held that probation conditions for juveniles were different from those imposed

upon adults. Our Division Four colleagues relied upon the following language in *Tyrell J.*: "In short, conditions of probation for minors are devised by the juvenile court and placed on a juvenile probationer to insure his or her reformation and rehabilitation. The conditions are deemed necessary for that purpose and no choice is given to the youthful offender. By contrast, an adult offender 'has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed.' [Citations.] [¶] Although an adult may choose to reject probation and accept incarceration, no such choice is offered to a juvenile offender. It would be inconsistent with the juvenile court's determination of the best manner in which to facilitate rehabilitation of a minor if he could, for example, elect to forgo home placement on probation and instead choose detention at the California Youth Authority." (*Id.* at p. 82.) It was this language that was relied upon by our Division Four colleagues in *Tanya B.* in determining that the waiver rule articulated in *People* v. *Welch, supra,* 5 Cal.4th at pages 233-238 were inapplicable to a disposition hearing conducted in conjunction with delinquency proceedings. (*In re Tanya B., supra,* 43 Cal.App.4th at p. 5.)

، We respectfully disagree with the foregoing analysis in *Tanya B.* To begin with, as previously noted, in *People* v. *Welch, supra,* 5 Cal.4th at page 237, the Supreme Court disapproved of the holding of *In re Jason J., supra,* 233 Cal.App.3d at page 714 which held that a minor could challenge the reasonableness of probation conditions for the first time on appeal. In other words, the *Jason J.* holding was specifically disapproved of by the California Supreme Court.

Moreover, we are persuaded by a series of decisions by the justices of the Fourth Appellate District which have enforced the waiver rule articulated in *Welch.* Our Fourth District Court of Appeal colleagues have determined that such waiver principles are, under normal circumstances, fully applicable to disposition hearings at which the conditions of juvenile probation are imposed. (*In re Khonsavanh S.* (1998) 67 Cal.App.4th 532, 536-537 [79 Cal.Rptr.2d 80]; see also *In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 971 [68 Cal.Rptr.2d 402].) As the *Khonsavanh S.* court noted, the California Supreme Court in *People* v. *Scott* (1994) 9 Cal.4th 331, 350-351 [36 Cal.Rptr.2d 627, 885 P.2d 1040], set forth in its waiver analysis as follows, " 'The parties have ample opportunity to influence the court's sentencing choices under the determinate scheme. As a practical matter, both sides often know before the hearing what sentence is likely to be imposed and the reasons therefor. Such information is contained in the probation report, which is required in every felony case and generally provided to the court and parties before sentencing. [Citations.] In anticipation of the hearing, the

defense may file, among other things, a statement in mitigation urging specific sentencing choices and challenging the information and recommendations contained in the probation report. [Citations.] Relevant argument and evidence also may be presented at sentencing. [Citations.]' " (*In re Khonsavanh S., supra,* 67 Cal.App.4th at p. 536.) As the Court of Appeal in *In re Khonsavanh S., supra,* 67 Cal.App.4th at page 537 noted, "[W]e cannot overstress the importance of raising timely objections at juvenile court hearings in order to reduce the number of unnecessary appellate claims." Before *Khonsavanh S.* was decided, in the decision of *In re Abdirahman S., supra,* 58 Cal.App.4th at pages 970-971, our Fourth District colleagues applied *People* v. *Welch, supra,* 5 Cal.4th at pages 233-238 in the juvenile context and held: "What *Tanya B.* fails to recognize is that the *Welch* waiver rule is not based on the probationer's consent to the conditions of probation but on the proposition that the probationer did not timely object when problems could have been corrected. After noting that a failure to object to a defective probation report waives the claim on appeal, the Supreme Court stated, 'No different rule should generally apply to probation conditions under consideration at the same time. A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence. A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis. [Citations.]' (*People* v. *Welch, supra,* 5 Cal.4th at pp. 234-235, fn. omitted.) [¶] We believe these considerations are fully applicable to hearings at which conditions of juvenile probation are determined. In both adult and juvenile cases, the time to object is at the pertinent hearing, not for the first time on appeal. (*People* v. *Welch, supra,* 5 Cal.4th at p. 237.) As discussed above, the juvenile court is vested with broad discretion to select appropriate probation conditions, and thus a minor has ample opportunity to influence the court's decision. Objection and waiver principles 'encourage prompt detection and correction of error, and . . . reduce the number of unnecessary appellate claims . . . .' (*People* v. *Scott*[, *supra,*] 9 Cal.4th [at p.] 351 . . . .)" (58 Cal.App.4th at pp. 970-971, fn. omitted.) For the foregoing reasons, we respectfully decline to apply *Tanya B.* and will require timely objections be interposed to juvenile probation conditions. In this instance, the probation report recommending the conditions at issue was typed on October 9, 1998. The hearing at which the conditions were imposed was conducted on October 15, 1998. The juvenile court indicated that it had read and considered the probation report and invited argument on its contents. Defense counsel submitted on the recommendations of the report. *Welch* is controlling and all of the minor's state law claims concerning the probation conditions have been waived or forfeited.

. . . . . . . . . . . . . . . . . . . . . . . . .*

The wardship order is affirmed.

Grignon, J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 18, 1999. Kennard, J., and Brown, J., were of the opinion that the petition should be granted.

*See footnote, *ante*, page 168.