[No. B148299. Second Dist., Div. Four. Nov. 6, 2001.]

In re JUSTIN S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JUSTIN S., Defendant and Appellant.

**COUNSEL**

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Marc E. Turchin, Acting Assistant Attorney General, Kenneth C. Byrne and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—Juvenile offender challenges two conditions of probation. Conceding that he made no objection to them in the juvenile court, he contends that the issue is not waived, invoking our opinion in *In re Tanya B.* (1996) 43 Cal.App.4th 1 [50 Cal.Rptr.2d 576]. We reexamine and overrule *Tanya B.*, but nevertheless conclude that there has been no waiver under the circumstances of this case.

### BACKGROUND

Justin S. appeals from orders declaring him a ward of the juvenile court after the court sustained a petition pursuant to Welfare and Institutions Code

section 602, alleging that he had committed second degree robbery in violation of Penal Code section 211, by kicking and beating another boy with the help of a companion, who took money from the boy. At disposition, the juvenile court placed appellant on probation, and, among other conditions, including house arrest, ordered appellant not to "engage in any delinquent behavior," or to "associate with any gang members and anyone disapproved of by parent(s)/P.O." The juvenile court invited comment, but appellant's counsel objected only to the imposition of house arrest.

## DISCUSSION

Appellant challenges the conditions of probation imposed by the juvenile court, claiming that condition Nos. 6 and 15, quoted above, are vague and overbroad. Appellant relies upon *In re Tanya B.*, in which we held that a minor may challenge conditions of probation for the first time on appeal. (See *In re Tanya B., supra*, 43 Cal.App.4th at p. 4.) Respondent, on the other hand, asks that we reexamine *Tanya B.*, in light of criticism by Division One of the Fourth District Court of Appeal in *In re Abdirahman S.* (1997) 58 Cal.App.4th 963, 970 [68 Cal.Rptr.2d 402], and Division Five of this district in *In re Josue S.* (1999) 72 Cal.App.4th 168, 171-172 [84 Cal.Rptr.2d 796].

In *Tanya B.*, we recognized that in *People v. Welch* (1993) 5 Cal.4th 228, 233-234 [19 Cal.Rptr.2d 520, 851 P.2d 802], the Supreme Court held that a defendant may not complain of the unreasonableness of conditions of probation for the first time on appeal. (*In re Tanya B., supra*, 43 Cal.App.4th at p. 5.)[1] We distinguished *Welch*, however, finding that it was not applicable to a juvenile court disposition. (*In re Tanya B., supra,* at p. 5.) Instead, we relied upon *In re Tyrell J.* (1994) 8 Cal.4th 68, 82 [32 Cal.Rptr.2d 33, 876 P.2d 519], in which the court held that a juvenile offender, unlike an adult, can neither refuse nor consent to a grant of probation. (*In re Tanya B., supra*, 43 Cal.App.4th at p. 5.)

Division One of the Fourth District Court of Appeal found our reliance on *Tyrell J.* misplaced, explaining: "In *Tyrell J.* the issue was not waiver but whether a probation search condition constituted the minor's consent to a warrantless search by an officer unaware of the condition. . . . *Tanya B.*

---

[1]The Supreme Court expressly limited the rule to probation conditions challenged as unreasonable on "*Bushman/Lent*" grounds. (*People v. Welch, supra*, 5 Cal.4th at p. 237.) As described in *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], an unreasonable condition of probation is one that is unrelated to the crime of which the offender was convicted, relates to conduct which is not itself criminal, requires or forbids conduct which is not reasonably related to future criminality, or does not serve the statutory ends of probation. (See also *In re Bushman* (1970) 1 Cal.3d 767, 776-777 [83 Cal.Rptr. 375, 463 P.2d 727], as qualified by *People v. Lent, supra*, 15 Cal.3d at p. 486, fn. 1.)

appears to equate lack of consent with failure to object. In fact, the concepts are quite separate. That a minor in the last instance has no choice but to accept and abide by conditions of probation does not mean that the minor may not object to imposition of those conditions." (*In re Abdirahman S.*, *supra*, 58 Cal.App.4th at p. 970.) We agree. Indeed, the Supreme Court commented in *Tyrell J.* that "[a] minor can, of course, object to particular conditions of probation as improper or unwarranted. [Citations.]" (*In re Tyrell J.*, *supra*, 8 Cal.4th at p. 83, fn. 3.)

The criticism of *Tanya B.* by Division Five of this court included the observation that in reaching its conclusion in *Welch* that an objection must be interposed in the trial court, the Supreme Court expressly disapproved a number of Court of Appeal cases that had held to the contrary, including a juvenile case. (See *In re Josue S.*, *supra*, 72 Cal.App.4th at p. 171, citing *People v. Welch*, *supra*, 5 Cal.4th at p. 237, disapproving *In re Jason J.* (1991) 233 Cal.App.3d 710, 714 [284 Cal.Rptr. 673].)

■ We find the criticism of *Tanya B.* persuasive, and are satisfied that the Supreme Court intended its holding in *Welch* to extend to juvenile proceedings. We therefore accept respondent's invitation to revisit the issue, overrule our prior opinion in *Tanya B.*, and hold that to preserve for appeal the issue of the reasonableness of a condition of probation, a juvenile offender must object to it in the juvenile court, unless some exception applies to excuse the failure to object. (See *People v. Welch*, *supra*, 5 Cal.4th at p. 237.)

■ Although we have concluded that *Welch*'s waiver rule applies to juvenile dispositions, we still must determine whether it applies to this case. Appellant does not contend that he comes within the exception articulated in *Welch*, "where an objection would have been futile or wholly unsupported by substantive law then in existence. [Citations.]" (*People v. Welch*, *supra*, 5 Cal.4th at pp. 237-238.) Appellant contends that the two challenged conditions are constitutionally defective, in that one is so vague and the other is so broad, that both violate due process.

Our colleagues in Division Five, by analogy to objections to evidence, held that such a contention is not immune from *Welch*'s waiver rule. (See *In re Josue S.*, *supra*, 72 Cal.App.4th at p. 170, citing *People v. Williams* (1997) 16 Cal.4th 153, 250 [66 Cal.Rptr.2d 123, 940 P.2d 710]; accord, *People v. Gardineer* (2000) 79 Cal.App.4th 148, 151-152 [93 Cal.Rptr.2d 863].)

We are mindful, however, that the Supreme Court limited its holding to "*Bushman/Lent*" unreasonableness grounds, and expressly imposed no

waiver rule on "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." (*People v. Welch, supra,* 5 Cal.4th at p. 235; *People v. Lent, supra,* 15 Cal.3d at p. 486; *In re Bushman, supra,* 1 Cal.3d at pp. 776-777; see fn. 1, *ante.*) As Justice Arabian explained his understanding of the majority opinion: "[L]egal error in the imposition of probationary conditions *can* arise, implicating fundamental principles of policy and constitutional guaranties. In those limited circumstances, the prerequisite of an objection to appellate review would frustrate rather than subserve the interests of justice; and I do not understand the majority rule to impose such a formalistic impediment." (*People v. Welch, supra,* 5 Cal.4th at p. 241 (conc. opn. of Arabian, J.).)

Since appellant's constitutional claims present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court" (*People v. Welch, supra,* 5 Cal.4th at p. 235), we conclude that he is not foreclosed from raising them by his failure to object in the juvenile court.[2]

■ Appellant contends that condition No. 6, prohibiting "delinquent behavior," violates due process because it is so vague that ordinary people would not be able to understand what conduct it prohibits. We disagree. "Delinquent behavior" is fairly defined, albeit not within a definition labeled as such, in Welfare and Institutions Code sections 601 and 602, which set forth the conduct that will result in the adjudication of a juvenile as delinquent.

Welfare and Institutions Code section 602, subdivision (a) makes it very clear that "delinquent behavior" includes a violation of "any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age. . . ." Pursuant to section 601, subdivision (b), delinquent behavior may be four or more truancies or the "persistent or habitual refusal to obey the reasonable and proper orders or directions of school authorities, or . . . to respond to directives of a school attendance review board or probation officer or to services provided. . . ."

Welfare and Institutions Code section 601, subdivision (a) provides: "Any person under the age of 18 years who persistently or habitually refuses to

---

[2]We do not hold that all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." (*People v. Welch, supra,* 5 Cal.4th at p. 235.) In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." (*Id.* at p. 236.)

obey the reasonable and proper orders or directions of his or her parents, guardian, or custodian, or who is beyond the control of that person, or who is under the age of 18 years when he or she violated any ordinance of any city or county of this state establishing a curfew based solely on age is within the jurisdiction of the juvenile court which may adjudge the minor to be a ward of the court."

We conclude that the law provides sufficient notice of what "delinquent behavior" is, and we decline appellant's request to strike condition No. 6.

On the other hand, appellant's contention that condition No. 15 is unconstitutionally overbroad is well taken. Prohibiting association with gang members without restricting the prohibition to *known* gang members is " 'a classic case of vagueness.' " (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 [60 Cal.Rptr.2d 277, 929 P.2d 596].) Such a condition of probation "suffers from constitutionally fatal overbreadth." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 628 [78 Cal.Rptr.2d 66].)

The appropriate remedy is to modify the condition, as appellant asks, to narrow its reference to persons known to the probationer to be associated with a gang. (*People v. Lopez, supra*, 66 Cal.App.4th 615; see *People ex rel. Gallo v. Acuna, supra*, 14 Cal.4th at p. 1117.)[3] We shall therefore grant appellant's request to modify condition No. 15.

### DISPOSITION

Condition No. 15 is modified to read as follows: "Do not associate with any person known to you to be a gang member and anyone disapproved of by parents/P.O." Except to the extent of this modification to the conditions of probation imposed upon appellant, the judgment is affirmed.

Epstein, Acting P. J., and Curry, J., concurred.

---

[3]Since appellant has not asked us to insert, as the *Lopez* court did, a reference to the statutory definition of "gang," we will not do so. (*People v. Lopez, supra*, 66 Cal.App.4th at p. 638; see Pen. Code, § 186.22, subd. (f).) The definition is, in any event, fairly implied in the condition.