Filed 7/8/16  In re T.W. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re T.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>T.W.,<br><br>        Defendant and Appellant. | A146497<br><br>(Marin County<br>Super. Ct. No. JV 25858G) |

**INTRODUCTION**

In this appeal from the juvenile court, we are asked to review three conditions of probation imposed as a part of appellant's disposition.  The conditions are the minor abstain from use of illicit drugs, refrain from possession of weapons, and refrain from association with persons in possession of weapons.  After our review, we conclude the conditions are appropriate but each one merits modification of the terms.  We otherwise affirm the judgment of the trial court.

**STATEMENT OF THE CASE**

On April 8, 2014, appellant was declared to be a ward of the court by the juvenile court of Marin County.  On October 28, 2014, the court placed appellant on supervised

probation for an indefinite period pursuant to Welfare and Institutions Code section 602.[1] On June 12, 2015, appellant was placed at a program called Keeping Youth Journeying Onward (KYJO). However, on July 22, 2015, because of his behavior, appellant was terminated from KYJO. At approximately the same time, the probation department of Marin County noticed a motion to violate appellant's probation pursuant to section 777. At a hearing on August 21, 2015, the trial court sustained the motion. Appellant was continued as a ward of the juvenile court and reinstated on probation on September 22, 2015, with the conditions challenged in this appeal as part of his probation. His notice of appeal was filed on October 1, 2015.

When appellant arrived at KYJO, the manager of the group home explained the rules of the program and the expectations of the minors who remain there. Within the short period appellant participated in KYJO, he engaged in more than 20 rule violations triggering incident reports. The manager observed several incidents when appellant left the facility without permission. On various occasions, appellant was found in possession of pills without proper prescription. Appellant would toss urine on staff at KYJO. Because of this pattern of reprehensible behavior, appellant was removed from the program. All this took place after the minor was admonished violation of program rules would trigger his termination.

A family therapist at KYJO, Andralyn Keys, was assigned to appellant and testified at the hearings. She also reminded the minor of the need for his compliance with the rules and policies of the program. During the period of one month, she was aware of 25 separate reports describing rule violations by appellant and she concluded the minor was aware of his poor performance.

---

[1] Unless otherwise stated, all statutory references are to the Welfare and Institutions Code.

At a dispositional hearing on September 22, 2015, where the court engaged in considerable conversation with the appellant, counsel, and family of the minor, the judge proceeded to impose several conditions often deemed routine in juvenile delinquency proceedings.  The conditions challenged in this appeal are the following:  "You must abstain from the use . . . of illicit drugs. . . .  You're not to possess any weapons or associate with anyone who is in possession of weapons."  No objection was made by counsel for the minor to any particular probation condition, including those presented in this appeal.

## DISCUSSION

As a general rule, a trial judge in delinquency court has authority to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."  (§ 730, subd. (b); see § 202, subd. (b).)  "Nothing in this section shall be construed to limit the authority of a juvenile court to provide conditions of probation."  (§ 729.1, subd. (a)(1).)  In deciding what conditions to place on a juvenile probationer, " ' "the juvenile court must consider not only the circumstances of the crime but also the minor's entire social history." ' "  (*In re Jason J.* (1991) 233 Cal.App.3d 710, 714, overruled on another point in *People v. Welch* (1993) 5 Cal.4th 228, 237.)  " 'A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.' "  (*In re J. B.* (2015) 242 Cal.App.4th 749, 753–754.)  The conditions of probation fashioned by a juvenile court are distinguishable from the determinations of an adult court.  In the juvenile setting, as here, a probation condition " 'is an ingredient of a final order for the minor's reformation and rehabilitation.' "  (*In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1089.)  " '[J]uvenile probation is not an act of leniency, but it is a final order made in the minor's best interest.' "  (*In re Tyrell J.* (1994)

3

8 Cal.4th 68, 81, overruled on another point in *In re Jaime P.* (2006) 40 Cal.4th 128, 130.)

In this matter, the trial court imposed a condition the minor not possess any "illicit drugs." The court did not further qualify the condition. While we believe the condition is appropriate, we will modify it to the following: "Minor shall not possess any controlled substances without a valid prescription." This is compatible with the request of appellant. We do not believe there needs to be an explicit scienter requirement imposed in this condition nor the one dealing with weapons imposed by the court. Any possession of "controlled substances without a valid prescription" or weapons implicitly mandates the possession is a deliberate one. To be a violation of probation, the possession must be deliberate. Our cases, on the whole, draw a line respecting probation conditions that simply reinforce existing penal statutes that forbid possession of items already subject to restriction. Penal laws dealing with drugs and weapons, which all probationers are expected to follow, contain implicit scienter elements. Due process does not require making the implicit knowledge element explicit when the prohibition becomes a probation condition. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 591; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1183–1189; *People v. Kim* ( 2011) 193 Cal.App.4th 836, 843–847.) We have already followed these cases in *People v. Gaines* (2015) 242 Cal.App.4th 1035, of which the Supreme Court granted review on February 17, 2016 (S231723). Based on the cited authority, we decline to follow *In re Kevin F.* (2015) 239 Cal.App.4th 351, with its support for an express knowledge requirement in probation conditions precluding possession of drugs and weapons.

Regarding the condition of probation prohibiting appellant from possession of "weapons," to avoid vagueness issues, we will modify the condition to preclude the possession of "dangerous and/or deadly weapons." As modified, we believe this condition comports with constitutional requirements of probation conditions. As indicated above, no express knowledge language is necessary to affirm the condition.

4

Finally, regarding the trial court's condition prohibiting appellant from associating with "anyone who is in possession of weapons," the Attorney General agrees the condition is overbroad. We will modify this condition as follows: "Minor is prohibited from remaining in the presence of any person the minor knows or reasonably should know is an unlawfully armed person." This modification is appropriate when dealing with restrictions in rights of association by a juvenile when he is on probation.

## DISPOSITION

The probation condition dealing with "illicit drugs" is modified to read: "Minor shall not possess any controlled substances without a valid prescription." The probation condition dealing with "weapons" is modified to read: "Minor shall not possess any dangerous and/or deadly weapons." The probation condition dealing with "associating with anyone who is in possession of weapons" is modified to read: "Minor is prohibited from remaining in the presence of any person the minor knows or reasonably should know is an unlawfully armed person." In all other respects the judgment is affirmed.

_____
DONDERO, J.


We concur:


_____
HUMES, P. J.


_____
MARGULIES, J.

5