[No. D055552. Fourth Dist., Div. One. May 27, 2010.]

In re DAMIAN M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DAMIAN M., Defendant and Appellant.

**COUNSEL**

Tamara J. Zivot, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HUFFMAN, Acting P. J.**—This case presents the question of whether the juvenile court judge erred in denying the request by the minor, Damian M., for deferred entry of judgment (DEJ) after his admission that he had transported possessed marijuana in violation of Health and Safety Code section 11360, subdivision (a). We will find no abuse of discretion and affirm.

## FACTS AND PROCEDURAL BACKGROUND

Damian was arrested at the San Diego border crossing from Mexico into the United States. A search of his car revealed 10.1 pounds of marijuana located in a hidden compartment in the gas tank.

Damian's explanation of the offense was that he needed money to assist his mother. He was put in touch with people involved in smuggling marijuana into the United States. He was instructed in the process of smuggling and, after several practice trips, on May 14, 2009, he drove a car containing marijuana across the border, where he was arrested.

Damian admitted possessing marijuana for sale and requested DEJ. Although Damian was statutorily eligible for DEJ and the probation officer recommended granting the request, the juvenile court denied the request

stating: "Basically, I'll tell you what my concerns are . . . . It's that—one, it's positive that it appears that Damian is about to graduate from high school, so I'd like to see that. However, I'm essentially just very concerned about the level of criminal sophistication that's involved in this offense; the fact that Damian would seek to ally himself with organized crime; and that we've got people who are smuggling drugs, in a sophisticated manner, into the country; and the fact that he had to take several preliminary steps in order to be involved in this offense. It's not just one day where they said, 'Here's a car. Drive this car across the border.' It's that he actually took the step of registering some type of a sham vehicle in his own name, in order to commit this offense. And he indicates that he had to meet with 'Cocaino,' on one or more occasions, in order to facilitate this crime. So, I realize that you may well feel to deny the motion because of the seriousness of the offense is not appropriate, but I'm not basing it simply on the seriousness of the offense. It's the steps that he took in order to commit this offense and the people that he was involved with in committing the crime. It's that level of criminal sophistication that, if not specifically demonstrated by Damian, it's the fact that he would hook up with individuals who are of that level of criminal sophistication."

Based on the denial of DEJ, the court placed Damian on formal probation noting that if Damian successfully completed probation the court would consider dismissing the petition under Welfare and Institutions Code[1] section 782. The grant of probation was based on several conditions, including condition No. 9, which required Damian's parents to participate in Damian's school programs to the extent as may be required by the rules of Damian's school.

■ Damian appeals contending the trial court erroneously denied his request for DEJ and that probation condition No. 9 denies him due process since it could subject him to sanctions based on the conduct of his parents. Our review of the record indicates the trial court acted well within its discretion in denying DEJ to this minor under the circumstances of the offense he committed and the criminal sophistication shown by his conduct. We are also satisfied that probation condition No. 9 is a legitimate remedial measure designed to aid in preventing further delinquent behavior by the minor. Nothing in the language of the challenged condition puts Damian at risk of probation revocation based solely on the conduct of others.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

## DISCUSSION

### A.  Denial of Deferred Entry of Judgment

Damian contends the juvenile court erred in denying his request for DEJ. He argues that he was statutorily eligible and that the probation officer also supported that request. Damian contends the trial court's stated reasons for denying his application were insufficient. We find no error in denying DEJ.

When the juvenile court denies a request for DEJ where the minor is statutorily eligible, we review the decision under the abuse of discretion standard. (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607 [131 Cal.Rptr.2d 160].) Where the minor is eligible for DEJ it is the responsibility of the trial court to independently review the factors specified in section 791, subdivision (b) and determine if the minor will benefit from less restrictive treatment. (*In re Sergio R., supra*, at p. 607.)

■   The court in *In re Sergio R.* stated: "We are persuaded that the statutory language [of section 791, subdivision (b)] empowers but does not compel the juvenile court to grant [DEJ] once eligibility under section 790, subdivision (a) is established." (*In re Sergio R., supra*, 106 Cal.App.4th at p. 605.) The juvenile court in *Sergio R.* found the minor eligible for DEJ, but denied the minor's application because the minor was an entrenched gang member and would not benefit from the less restrictive treatment.

In the present case, the court found Damian had engaged in sophisticated organized criminal activity. As such, the court believed Damian would more likely benefit from formal probation, with the opportunity to have the case dismissed if he successfully completed probation. It is hard to find the trial court's decision to be unreasonable. The court was aware of its discretion and stated sound reasons for the manner in which that discretion was exercised. The court's reasoning is certainly supported by the record.

■   Damian relies, in part, on *Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556 [133 Cal.Rptr.2d 544] (*Martha C.*), in which this court found the juvenile court abused its discretion in denying the minor's application for DEJ. The *Martha C.* decision does not assist the minor in the case now before us. In *Martha C.*, the juvenile court denied DEJ to the minor for the purpose of deterring other minors from committing the same type of criminal conduct. In that case we found an abuse of discretion because the reasons stated for the denial did not comport with the statutory guidelines. (*Id.* at p. 562.) The court went on to state: "While a court might find that the circumstances of a crime indicate a minor is not amenable to rehabilitation (see generally *In re Sergio R., supra*, 106 Cal.App.4th at p. 607), and on that

basis deny DEJ, it may not do so as a means of deterring criminal activity by others." (*Martha C., supra*, at p. 562.)

Plainly the *Martha C., supra*, 108 Cal.App.4th 556, decision does not aid the minor in this case. The juvenile court in the present case articulated sound reasons, relating solely to the manner of the commission of the current crime as a basis for the exercise of the court's discretion. The court was not "sending a message" or seeking to "deter others."

Damian also relies on *In re Luis B.* (2006) 142 Cal.App.4th 1117 [48 Cal.Rptr.3d 581], in support of his argument that the juvenile court erred in denying his request for DEJ. The *Luis B.* case is also inapposite to the issues in this case. In *Luis B.*, the error found was the failure of the prosecutor to inform the court that the minor was eligible for DEJ. Accordingly, the case stands for the proposition that failure to consider an otherwise eligible minor for DEJ is error. As such, *Luis B.* does not address the issue raised by this case, i.e., whether the court abused its discretion by considering, but then denying, DEJ for particularized reasons.

We are satisfied that the juvenile court acted well within its broad discretion in declining to adopt a less restrictive result in a case where the minor engaged in sophisticated criminal conduct as part of the actions of an ongoing drug smuggling operation.

### B. Probation Condition No. 9

In condition No. 9 of the grant of formal probation the court required that: "The minor's parents are ordered to participate in their child's school program as required by the rules of the minor's school." Damian contends the condition is unconstitutional since it could subject him to probation violation for acts of the parents beyond his control. We find condition No. 9 to be a valid requirement designed to aid the minor's rehabilitation.

■ When a condition of juvenile probation is challenged on appeal we review the juvenile court's decision for abuse of discretion. (*In re Juan G.* (2003) 112 Cal.App.4th 1, 7 [5 Cal.Rptr.3d 34].) Juvenile courts have broad discretion in formulating conditions of probation which are designed to rehabilitate the minor. We will only set aside such conditions where the record demonstrates a manifest abuse of discretion. (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5 [63 Cal.Rptr.2d 701].)

■ Section 729.2 specifically authorizes a juvenile court, as a condition of probation, to: "(b) Require the parents or guardian of the minor to participate with the minor in a counseling or education program . . . ." That

section was interpreted in *In re Jason J.* (1991) 233 Cal.App.3d 710, 716–717 [284 Cal.Rptr. 673], disapproved on another point in *People v. Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802]. There the court dealt with two challenged conditions: one requiring the parents to participate with the minor in counseling and one requiring the father to participate in AA (Alcoholics Anonymous) sessions. The court upheld the former condition and struck the latter.

In analyzing the two conditions of probation, the court in *Jason J.* found the requirement for parental participation in counseling with the minor to be not only authorized by statute, but properly designed in that case to "promote the minor's rehabilitation." (*In re Jason J., supra*, 233 Cal.App.3d at p. 717.) The court determined, however, that a condition of probation directed only to the father and not including the minor's participation was not authorized by statute. Both parties in this case have cited us to the *Jason J.* decision.

Damian argues that the condition at issue here is more akin to the requirement in *In re Jason J., supra*, 233 Cal.App.3d 710, that the minor's father attend AA meetings. We respectfully disagree with his analysis. The challenged condition here requires the parents to participate in the minor's school program as required by the rules of the minor's school. Clearly participation in the minor's school program involves activity directly connected to the minor and his educational needs. It does not require the parents to undertake some activity which does not involve the minor.

Like the court in *In re Jason J., supra*, 233 Cal.App.3d 710, we find the condition of probation designed to help prevent Damian's return to criminal activity. The minor's stated reason for involving himself in drug smuggling was to financially aid his mother. The court could reasonably conclude that the parents and the minor need to be involved in the minor's education as part of a process of directing the family into positive, joint activity.

Although Damian claims he could be subject to being found in violation of his probation if his parents fail to participate, he cites no authority that would permit a court to impose probation violation sanctions on him for actions of others, over which he has no control. It is also important to examine the conditions of juvenile probation in the context of delinquent minors who are going to remain placed with the family, as opposed to being removed from parental custody. In the case of placement with the family, rehabilitation of the minor will often require parental participation in counseling or education as part of the effort to direct the minor away from future criminal conduct. Thus the statutory authorization contained in section 729.2, subdivision (b) provides the court with one of the tools necessary to accomplish the

rehabilitative purposes of the juvenile justice system. The juvenile court did not abuse its discretion in imposing condition No. 9 as part of the grant of probation.

## DISPOSITION

The judgment is affirmed.

Nares, J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 15, 2010, S183769.