Filed 11/8/13  In re Ricardo B. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re RICARDO B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICARDO B.,<br><br>    Defendant and Appellant. | G048160<br><br>(Super. Ct. No. DL043792)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gregory W. Jones and Douglas Hatchimonji, Judges.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Marissa Bejarano and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

The court denied a Welfare and Institutions Code[1] section 790 deferred entry of judgment (DEJ) to a 17 year old who, together with some friends, burglarized the garage of a vacationing homeowner.  The minor claims the court abused its discretion in so doing.  We disagree, given the court's compliance with the requisite DEJ procedures and the minor's marijuana use and unexcused absences from school.  We affirm.

I

FACTS

*A.  Background:*

On October 4, 2012, a Fullerton resident telephoned the police about the suspicious behavior of four young men who appeared to be robbing the house of an absent neighbor.  The caller provided a description of their car, together with the license plate number.  He told the police that the four young men had walked towards the house, each carrying an empty backpack.  Thereafter, they climbed out of the bushes at the side of the yard, one of them holding a backpack that was "absolutely packed to the hilt."

Fullerton Police Officer Andrew Coyle responded to the radio call about a possible burglary.  He located the described vehicle one street over from the house in question.  There were five persons in the car eating ice cream "using writing pens as a spoon."  Officer Coyle searched the vehicle, with the permission of the driver.  He found a pair of bolt cutters, two pairs of gloves, a yellow and black screwdriver, a backpack, a knife, and two iPods.

*B.  Court Proceedings:*

The District Attorney filed a petition to declare the minor a ward of the juvenile court, pursuant to section 602.  It was alleged therein that the minor had committed first degree residential burglary.

---

[1]     All subsequent statutory references are to the Welfare and Institutions Code unless otherwise specifically stated.

The District Attorney thereafter filed a determination of eligibility form, stating the minor was eligible for DEJ. The court ordered the probation department to submit a DEJ suitability report.

According to the suitability report, dated January 14, 2013, the minor was 17 years old and had no prior record. He admitted having been a passenger in the vehicle in question. He also admitted they had gone "into the garage 'to make money.'" The minor indicated that while he initially had entered the garage with some of the others, "[a]fter a few seconds he exited and stood by the wall as he knew what they were doing was wrong." He denied having taken anything from the garage himself, but acknowledged having eaten some of the ice cream. One of his companions admitted that they had taken the ice cream and also that he himself had gone into the car in the garage "looking for something good to take." A second companion said they had taken three buckets of ice cream.

The suitability report further stated that an officer who checked out the garage noticed that there was "a holder for six screwdrivers on the wall that was missing three screwdrivers. He noticed the screwdrivers had yellow or black handles."

When the homeowner returned from his trip, he confirmed that his ice cream was missing. However, the suitability report does not indicate whether the homeowner reported that anything else was missing.

The suitability report also contains information from an interview with the minor's mother. She expressed her belief that "the minor was involved in the present offense because he was following his older friends." She did not believe he would repeat the behavior because he was no longer associating with those persons.

The mother said the minor was respectful at home, did his chores, and obeyed his curfew. She did not believe that he had ever been involved in any other thefts or in any gang or tagging crew. However, the mother said she believed the minor did, at

3

times, lie about who he was with and where he was going. She was uncertain whether he had experimented with alcohol or drugs.

The suitability report continued: "The minor is currently enrolled in the 11th grade in the ACCESS program. He was previously enrolled at Gilbert High School but was transferred due to truancy. As of November 9, 2012, the minor had 20 unexcused absences. His disciplinary records from Gilbert High School reflected he was suspended for five days on May 25, 2012 due to marijuana use on campus. The minor was transferred to ACCESS on December 12, 2012 and records from the school did not reflect the minor had earned any credits as of yet, most likely due to the winter recess occurring just after he began attending."

The suitability report concluded the minor was "marginally suitable for DEJ." The probation department recommended therein that the minor be placed on a DEJ program for 12 to 36 months.

At the DEJ suitability hearing, the court observed that, based on a reading of the suitability report, the minor "had numerous issues in regards to school attendance, school discipline." The court found the minor unsuitable for DEJ. It stated: "The report indicates that he has been suspended from school for marijuana use. That he is attending continuation school. That he has not earned any credits. There [have] been issues with unexcused absences. I think his school attendance and school performance is such that he needs more intensive supervision than that which would be provided on DEJ."

The minor signed an advisement of constitutional rights form, in which he admitted to unlawfully entering an inhabited dwelling with the intent to steal and to committing first degree residential burglary. He also signed a disposition agreement. It provided for 10 days in juvenile hall and a $100 restitution fine. It permitted the minor to return to court in one year to "request a plea withdrawal, subject to the Court's discretion."

4

The court found the allegations of the petition to be true beyond a reasonable doubt and further found the minor to be a person described under section 602. The court found the offense to be a felony, with a maximum period of confinement of six years. It ordered the minor declared a ward of the juvenile court, placed him on probation, and provided that he might be permitted to withdraw his plea in one year provided he neither further violated the law nor violated the conditions of his probation.

The minor filed an appeal from the dispositional order. He challenges the finding that he was not suitable for DEJ.

II

DISCUSSION

"The DEJ provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

It is true, as the minor in the case before us points out, that there is a "strong preference for rehabilitation." (*Martha C. v. Superior Court*, *supra*, 108 Cal.App.4th at p. 561.) However, just because a minor is eligible for DEJ under section 790, subdivision (a), that does not mean he is entitled to it. Rather, the court has the discretion to deny DEJ to an eligible minor. (*Martha C. v. Superior Court*, *supra*, 108 Cal.App.4th at p. 560; *In re Sergio R.* (2003) 106 Cal.App.4th 597, 605.)

5

"When directed by the court, the probation department shall make an investigation and take into consideration the defendant's age, maturity, educational background, family relationships, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefited by education, treatment, or rehabilitation. . . . The probation department shall report its findings and recommendations to the court. The court shall make the final determination regarding education, treatment, and rehabilitation of the minor." (§ 791, subd. (b); accord, Cal. Rules of Court, rule 5.800(d)(3).)

"If the court does not summarily grant DEJ [to an eligible minor], it must conduct a hearing at which it must 'consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties.' [Citation.] It is the mandatory duty of the juvenile court to either grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ, based upon whether the minor will derive benefit from 'education, treatment, and rehabilitation.' (Welf. & Inst. Code, § 791, subd. (b); [citation].)" (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1243-1244; *In re Sergio R.*, *supra*, 106 Cal.App.4th at pp. 604, 607.) "When the juvenile court denies a request for DEJ where the minor is statutorily eligible, we review the decision under the abuse of discretion standard. [Citation.]" (*In re Damian M.* (2010) 185 Cal.App.4th 1, 5.)

In the matter before us, the minor contends the court abused its discretion in denying him DEJ. He compares the facts of this case to those in two other cases in which the courts also denied DEJ—*In re Damian M.*, *supra*, 185 Cal.App.4th 1, 4, and *In re Sergio R.*, *supra*, 106 Cal.App.4th 597, 600.

In *In re Damian M.*, *supra*, 185 Cal.App.4th 1, the minor participated in a sophisticated drug smuggling operation and was caught crossing the border from Mexico into the United States with 10.1 pounds of marijuana hidden in a compartment in the gas

6

tank. (*Id.* at pp. 3-4.) In *In re Sergio R.*, *supra*, 106 Cal.App.4th 597, the minor, who admitted to possession of methamphetamine and first degree burglary, was an entrenched gang member with a methamphetamine addition and a history of marijuana and cocaine use. (*Id.* at pp. 600-601, 608.) The minor in the case before us argues that the facts in his case are clearly distinguishable from those in either *In re Damian M.*, *supra*, 185 Cal.App.4th 1 or *In re Sergio R.*, *supra*, 106 Cal.App.4th 597.

We agree that when the minor and his friends stole ice cream from a garage, they did not engage in conduct that rose to the level of participation in an organized international drug smuggling operation. We also agree that there is nothing in the record to suggest that the minor is a gang member, carries weapons, is addicted to methamphetamine, or uses cocaine. But just because his activities are not as egregious as those of the minors in *In re Damian M.*, *supra*, 185 Cal.App.4th 1, and *In re Sergio R.*, *supra*, 106 Cal.App.4th 597, that does not mean the court in the matter before us abused its discretion in denying him DEJ.

There is every indication that the court followed the procedures it was supposed to follow and considered the factors it was supposed to consider in reaching the decision it did. Furthermore, the court's determination is supported by the evidence. The probation department suitability report showed that while the minor's mother claimed to be "unsure" whether he had experimented with alcohol or drugs, he had been suspended from school for using marijuana on campus. Furthermore, he had extensive unexcused absences and had been transferred to continuation school where he had yet to earn any credits. Even assuming the minor failed to earn any credits because of a school recess, the court did not exceed the bounds of reason in concluding, based on his school record, that he was unsuitable for DEJ, and the court's decision was neither arbitrary nor capricious. (*People v. Lamb* (2006) 136 Cal.App.4th 575, 582 [abuse of discretion standard]; *In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682-683 [same].)

7

## III

## DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

THOMPSON, J.