Filed 11/17/14  In re M.S. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. M.S., Defendant and Appellant. | G049693 (Super. Ct. No. DL42682) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheryl L. Leininger, Judge.  Affirmed.

Allison L. Ehlert, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In a petition under Welfare and Institutions Code section 602, defendant M.S. (minor) was charged with participation in a conspiracy to commit a crime, to wit, petty theft (Pen. Code, §§ 182, subd. (a)(1), 488; count 1), and attempted petty theft (Pen. Code, §§ 664, subd. (b), 484, subd. (a), 488; count 2). The Orange County District Attorney served notice that minor met the statutory eligibility criteria for deferred entry of judgment under Welfare and Institutions Code sections 790 and 791 and set the matter for an eligibility hearing.

The Orange County Probation Department prepared a deferred entry of judgment suitability report that concluded "the limitations and restrictions related to the supervision and accountability for any future violations of the Court's orders and terms of probation, which is provided under [deferred entry of judgment], may not be sufficient to meet this minor's needs in the event he should prove to continue to engage in delinquent and/or illegal behavior." The report recommended that in the event the allegations of the petition were sustained, that minor be declared a ward of the court, and that he be placed on probation under the usual terms and conditions and released to his parents.

The court found minor was *not* suitable for the deferred entry of judgment program. The court concluded that it did "not believe that [minor] would benefit from the educational treatment and rehabilitation program. [It did] not believe that the [deferred entry of judgment] program provides sufficient programs, supervisions and oversight of the minor, . . . and in light of the information provided in the report, the court feels that the [deferred entry of judgment] program would not be suitable for the minor." The minor subsequently admitted the charged offenses. The court declared minor a ward of the court, declared the conspiracy count to be a felony, and placed minor on supervised probation, subject to 14 days of custody and other usual terms and conditions of probation.

Minor timely filed a notice of appeal, and we appointed counsel to represent him. Counsel did not argue against minor, but advised the court she was unable

2

to find an issue to argue on minor's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Minor was given 30 days to file written argument in his own behalf. That period has passed, and we have not received any communication from him. We have examined the entire record but have not found an arguable issue. Accordingly, we affirm the judgment.

FACTS[1]

Minor and a companion were walking through a gated residential community in Irvine, California, when a household employee observed them trying to enter her employer's vehicle. The employee called out to her employer (the victim), who ran outside and saw minor and his companion running away. The victim gave chase and apprehended minor. When the police arrived, they obtained minor's consent to search his cell phone text history, and found text messages between the two suspects in which they discussed coming to the neighborhood to steal. The minor stated he had seen an iPod cord in the vehicle, and had reached inside through an open passenger window, when a "lady yelled at them and they ran off." The minor admitted he and his companion had come to that neighborhood for the sole purpose of looking for valuables in vehicles to steal. He also admitted he had been doing this once a week, the last item he stole was an iPhone, he had stolen two bicycles within the last three to four weeks, and he still had possession of the stolen bicycles.

DISCUSSION

Upon our independent review of the record, we are unable to detect any error. Appointed counsel suggested that we consider whether the court abused its

---

[1] The recitation of facts is taken from the deferred entry of judgment suitability report prepared by the probation department.

3

discretion in denying minor deferred entry of judgment.  (*In re Damian M*. (2010) 185 Cal.App.4th 1, 5 [denial of request for deferred entry of judgment reviewed for abuse of discretion].)  It did not.  Minor admitted engaging in a series of thefts, in addition to those that were charged, and the current offense was committed while minor was on deferred entry of judgment for a prior offense.  Under these circumstances, the court was well within its discretion in determining that minor would not benefit from an educational, treatment, and rehabilitation program under deferred entry of judgment.

DISPOSITION

The judgment is affirmed.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

4